UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>PAUL LANAKILA CAMPOS,<br><br>Defendant - Appellant. | No. 09-10120<br><br>D.C. No. 1:05-CR-00136-HG<br>District of Hawaii,<br>Honolulu<br><br>ORDER |

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

The panel has unanimously voted to deny the petition for panel rehearing. Judges Bea has voted to deny the petition for rehearing en banc, and Judges Farris and D. Nelson so recommend.

The suggestion for rehearing en banc has been circulated to the full court, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35(b). The petition for panel rehearing and the suggestion for rehearing en banc are denied.

The memorandum disposition filed on February 22, 2010 is withdrawn. The attached memorandum disposition is filed in its place. Because the revised memorandum disposition contains no substantive changes, no further filings will be accepted in this closed docket. The clerk shall issue the mandate forthwith.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>PAUL LANAKILA CAMPOS,<br><br>    Defendant - Appellant. | No. 09-10120<br><br>D.C. No. 1:05-CR-00136-HG<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted February 10, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Paul Lanakila Campos ("Campos") appeals a judgment sentencing him to

two years' imprisonment for violation of the terms of his supervised release based

on the district court's finding that he committed bank robbery and fourth-degree

theft. Campos contends this sentence was improperly based on the admission of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

hearsay evidence in violation of his Fifth and Sixth Amendment rights to confront witnesses against him at his supervised release revocation hearing.[1]

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review de novo whether the district court violated Campos's constitutional rights to confrontation and due process. *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Violations of such constitutional guarantees are subject to harmless error review. *Id.*

Campos had no Sixth Amendment right to confrontation at his revocation hearing. *See United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005) (rejecting the proposition that *Crawford* extends the Sixth Amendment right to confrontation to revocation hearings, because such hearings are not "criminal prosecutions" within the meaning of the Sixth Amendment). But Campos still had a Fifth Amendment "due process right to confront witnesses against him during his supervised release proceedings, . . . unless the government shows good cause for not producing the witnesses." *Id.* at 986 (internal quotation marks omitted). Here, as to the district court's finding that Campos committed the bank robbery, Campos's interest in confrontation does not outweigh the government's good cause for denying it. *See*

---

[1] We assume the parties are familiar with the facts of the case. We will not review them here except as necessary to explicate our decision.

2

*id.* at 986–88. Although the hearsay evidence was important to the district court's finding, Campos's confrontation interest was weak because the evidence was reliable and he could identify no witness that might bring the veracity of the evidence into question. Surveillance photographs from the bank were reliable to the extent they depicted someone at the bank around the time of the robbery, regardless whether they depicted the bank robbery; the district court found those photographs depicted Campos. The police records of the bank robbery contained two reliable entries that, on the day ninety-two twenty-dollar bills were stolen from the bank, Campos was arrested with seventy-eight twenty-dollar bills after the bank robbery. Campos does not specifically contest any of these facts. Thus, there was reliable, uncontroverted evidence to find Campos had committed the bank robbery. Because Campos's interest was weak, the reliability of the hearsay and the minor inconvenience or expense of transporting witnesses between islands constituted good cause that outweighed Campos's interest in confronting witnesses. *See United States v. Comito*, 177 F.3d 1166, 1172 (9th Cir. 1999) (noting that, "[i]n some instances, mere inconvenience or expense may be enough" for the government to show good cause).

Given the reliable, uncontroverted evidence that Campos was at the bank around the time of the robbery, and that he was later arrested with incriminating

3

evidence, "there was [sufficient] evidence from which the trial court could find it was *more probable than not*" Campos had committed the bank robbery. *Cf. Perez*, 526 F.3d at 548 (emphasis added). The bank robbery finding alone is sufficient to affirm Campos's sentence on revocation of his supervised release. *See* 18 U.S.C. §§ 287, 3559(a), 3583(e)(3); *see also* U.S.S.G. § 7B1.4(a); *id.* § 7B1.1(b). Thus, any due process violation as to the fourth-degree theft finding would be harmless error. *Perez*, 526 F.3d at 547.

**AFFIRMED.**